UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LISA COPELAND, ET AL                    CIVIL ACTION NO. 07-CV-1786

VERSUS                                  JUDGE HICKS

CENTOCOR, ET AL                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiffs filed this diversity action in federal court, so they have a burden to allege facts necessary to establish a basis for the exercise of that jurisdiction. Plaintiffs allege that they are citizens of Louisiana, and they make what appears to be a good-faith assertion that the amount in controversy exceeds $75,000. Plaintiffs' complaint is lacking, however, with respect to the description of the citizenship of the two corporate defendants.

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In order to adequately establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919

(5th Cir. 2001); Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988).

Plaintiffs describe the two defendants as "foreign corporations, licensed to do and doing business in the State of Louisiana." Complaint, ¶ 3. The defendants' answers do not provide any more information relevant to citizenship. Accordingly, Plaintiffs are directed to seek leave to amend their complaint to set forth specific allegations with respect to (1) the state of incorporation of each defendant and (2) the state in which each corporation has its principal place of business. Counsel for defendants are encouraged to cooperate in providing this information to Plaintiffs' counsel so that it is not necessary to conduct discovery on the issues. Because answers have been filed, Plaintiffs will need to file a motion for leave to amend their complaint, together with the proposed pleading and a proposed order. The motion will also need to state whether opposing counsel has any opposition to the motion for leave. See Local Rule 7.6W. The deadline for compliance with this order is April 4, 2008. Once the presence of subject matter jurisdiction is ensured, a scheduling conference will be set.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of March, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE